UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIN TWISS | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _3:21-cv-857 |
| vs. | § | |
| | § | |
| MARKIT NORTH AMERICA, INC., | § | |
| d/b/a IHS MARKIT | § | |
| Defendant. | § | |

**PLAINTIFF  ERIN TWISS'S ORIGINAL COMPLAINT**

Plaintiff Erin Twiss, by her attorneys, files this complaint against Defendant, Market North

America, Inc., alleging as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Americans with Disabilities Act, the Family and

Medical Leave Act, and ERISA. Accordingly, this Court has federal question jurisdiction over the

subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b).

2.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) and (3) as the events

occurred in within the Dallas County portion of Plano, Texas, within this District and this Division

of this District.

**PARTIES**

3.      Plaintiff Erin Twiss is a resident of and citizen of Texas and the United States.

4.      Defendant Markit North America, Inc. is believed to be a wholly owned subsidiary

of IHS Markit, Ltd., which is a United Kingdom entity with its headquarters and nerve center

located in London, England, and doing business worldwide as IHS Markit (Markit). Markit North

**PLAINTIFF'S ORIGINAL COMPLAINT - 1 OF 8**

America, Inc. is a foreign corporation registered with Texas Secretary of State to do business in

the State of Texas. It may be served through its registered agent:

Corporation Service Company, d.b.a. CSC-Lawyers Incorporating Service Co.
211 E. 7th St., Suite 620
Austin, TX 78701

## BACKGROUND FACTS

5.      In this employment matter, an employee who suffered catastrophic brain injuries

after exposure to a brain parasite was terminated just days before she would have otherwise

qualified for the short term disability and long term disability for which she was otherwise

qualified.

6.      Plaintiff Erin Twiss (Twiss) began her employment at Defendant  Markit in 1999.

At the time of her termination, Twiss was employed by Defendant as a Quality Assurance Manager

earning over $90,000 plus benefits. Among the benefits, for which she had been paying and was

qualified was disability insurance.

7.      In January of 2019, Twiss was infected with a parasite that affects the brain. This

parasite causes losses of brain function and resulted in her going to the Emergency Room and

resulted in her being out of work on multiple days in the first quarter of 2019.

8.      Although Twiss did recover from her emergent state, she did not have a full

recovery and continued to have symptoms of the parasitic condition that interfered with her ability

to think and to work. Accordingly, she had multiple absences from March through May of 2019.

9.      During this timeframe, Defendant Markit was fully aware that (1) Twiss had

suffered an invasion by a brain parasite that impacted her ability to work and think; and (2) Twiss

had to miss many days of work for which she was eligible for FMLA leave. Such medical absences

also constituted "reasonable accommodations" under the Americans with Disabilities Act.

**PLAINTIFF'S ORIGINAL COMPLAINT - 2 OF 8**

10.     In June of 2019, Twiss was written up for not "not documenting her time according to department procedure."

11.     Also, in June of 2019 Twiss's primary care physician, Dr Julie Reihsen, advised Twiss that due to the effects of the brain parasite, that Twiss should take immediate disability leave.

12.     Twiss filed for short term disability with Markit in July 2019. However, Twiss's STD paperwork was mishandled by the third-party administrator, and despite being otherwise eligible for immediate FMLA leave, Twiss had to continue to work.

13.     Twiss was terminated on August 19, 2019, for allegedly not documenting her time according to departmental procedure. This is a false pretext for termination. As a salaried employee, Twiss's time entry was not necessary for her job function because Twiss did not bill her time to clients. Defendant Markit knew that Twiss was suffering from the effects of a brain parasite, knew that Twiss had used and/or was eligible for significant FMLA leave due to the effects of the parasite, and knew Twiss was seeking disability benefits and FMLA leave. Markit knew all of this well prior to making the alleged decision to terminate her employment during the delay in her disability coverage beginning.

14.     Twiss's disability coverage under the STD plan was approved 1-week before she was fired, but it had not begun on the date of her termination. Due to her wrongful termination, which Defendants alleged was "for cause," her disability benefits were then denied, and she was then determined to be ineligible for LTD benefits under plans she had paid into over the years.

15.     Plaintiff timely contacted the EEOC and filed a charge of discrimination. She has received a right to sue letter from the EEOC, and this claim is timely filed within 90 days of the receipt of that letter.

## FIRST CLAIM FOR RELIEF
### (Discrimination under the Americans with Disabilities Act)

16.     Plaintiff realleges each allegation set forth in the paragraphs above.

17.     Defendant is an employee under the ADA, in that it has fifteen or more employees engaged in interstate commerce. Plaintiff was and is a qualified individual with a disability, as she was employed for nearly twenty years, and could have performed the essential functions of her job with the reasonable accommodations of short term medical leave and other accommodations for her condition.

18.     Defendant terminated Plaintiff, in whole or in part, because of her Disability, loss of brain function, and because she requested reasonable accommodations. Defendant further failed to meaningfully engage in the interactive process to determine accommodations for her condition. Defendant's termination of Plaintiff was committed with malice or reckless indifference to her federally protected rights.

19.     By reason of the foregoing, Plaintiff hereby asserts a claim against the Defendant for wrongful termination based on discrimination in violation of the Americans with Disabilities Act.

20.     Plaintiff seeks and requests that the Court award back pay, that is the payment of wages lost prior to trial; either the equitable remedy of reinstatement or an equitable determination that reinstatement is unfeasible and the equitable award of front pay; other direct and consequential compensatory damages, including without limitation, loss of benefits in the past and in the future, mental anguish, emotional distress, loss of enjoyment of life, and damage to reputation; punitive damages; plus, attorney fees and cost of court; and any and all other damages in law or compensation in equity that the Court deems just and right.

## SECOND CLAIM FOR RELIEF
### (Retaliation under Family and Medical Leave Act)

21.     Plaintiff realleges each allegation set forth in the paragraphs above.

22.     Defendant is a covered employer under the FMLA, in that it employs fifty or more employees within a seventy-five-mile radius of Plaintiff's work site.

23.     Plaintiff is an employee under the FMLA, in that she was employed for more than a year full time and had a "serious health condition" as that term is defined under the FMLA and supporting DOL regulations.

24.     Defendant terminated Plaintiff, in whole or in part, because of her use and/or request to use Family and Medical Leave Act leave and/or intermittent leave, and to interfere with her anticipated medical leave to seek further treatment for her condition.

25.     Defendant's termination of Plaintiff was committed with malice or reckless indifference to her federally protected rights, so that she is entitled to a presumption of liquidated damages.

26.     By reason of the foregoing, Plaintiff hereby asserts a claim against the Defendant for wrongful termination based on discrimination and interference in violation of the Family and Medical Leave Act.

27.     Plaintiff seeks and requests that the Court award back pay, that is the payment of wages lost prior to trial; either the equitable remedy of reinstatement or an equitable determination that reinstatement is unfeasible and the equitable award of front pay; other direct and consequential compensatory damages, including without limitation, loss of benefits in the past and in the future, liquidated damages; plus, attorney fees and cost of court; and any and all other damages in law or compensation in equity that the Court deems just and right.

## THIRD CLAIM FOR RELIEF
### (Discrimination under ERISA)

28.     Plaintiff realleges each allegation set forth in the paragraphs above.

29.     On information and belief, based *inter alia* on temporal proximity to her application for disability benefits, Defendant terminated Plaintiff, in whole or in part, because of her stated intention to use of her disability benefits, which upon information and belief are protected by the Employee Retirement Income Security Act of 1974 (ERISA).

30.     Defendant's termination of Plaintiff was committed with malice or reckless indifference to her federally protected rights.

31.     By reason of the foregoing, Plaintiff hereby asserts a claim against the Defendant for wrongful termination based on discrimination/retaliation in violation of ERISA Section 510. Under Section 510, it is unlawful for an employer to "discharge, fine, suspend, expel, discipline, or discriminate against" an employee for exercising his or her ERISA-protected benefits or in order to interfere with an employee's use of ERISA-protected benefits.

32.     Plaintiff seeks and requests that the Court award back pay, that is the payment of wages lost prior to trial; either the equitable remedy of reinstatement or an equitable determination that reinstatement is unfeasible and the equitable award of front pay; other direct and consequential compensatory damages, including without limitation, loss of benefits in the past and in the future, mental anguish, emotional distress, loss of enjoyment of life, and damage to reputation; punitive damages; plus, attorney fees and cost of court; and any and all other damages in law or compensation in equity that the Court deems just and right.

## JURY DEMAND

33. Plaintiff Requests Trial by Jury to all matters of law, but not as to any matters of equity.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover Judgment against Defendant with the following relief:

(1)   Past and future pecuniary losses, and lost wages from the time of termination until the time of trial;

(2)   Equitable reinstatement; or alternatively, if the Court makes an equitable finding that reinstatement is not feasible, that the Court award of the equitable remedy of front pay including loss of wages in the future and loss of future earnings capacity;

(3)   Compensatory damages, including damages for past and future loss of benefits, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, emotional distress, physical distress, damage to reputation, and other nonpecuniary losses;

(4)   Punitive and/or liquidated damages;

(5)   Prejudgment and post-judgment interest at the maximum legal rate;

(6)   Costs of Court;

(7)   Attorneys' fees; and

(8)   All such other and further relief in law or equity to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ Eric N. Roberson*

_____

Eric N. Roberson
Texas State Bar No. 00792803
ENR@kilgorelaw.com
John H. Crouch
Texas State 00783906
JHC@kilgorelaw.com

**PLAINTIFF'S ORIGINAL COMPLAINT - 7 OF 8**

Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, TX 75204
214-379-0817 Direct
214.969.9099
214.379.0843 Fax
ENR@KilgoreLaw.com